**AERO–COLOURS, INC., Plaintiff,**

**v.**

**John PROPST, et al., Defendants.**

**C.A. No. H–86–4505.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 25, 1987.

Michael B. Schroeder, Arnold, White & Durkee, Houston, Tex., for plaintiff.

J. Graham Hill & Mark A. Carrigan, Houston, Tex., for defendant Int'l Flying Colors.

Ben D. Tobor, Houston, Tex., for defendant Propst.

## MEMORANDUM ON DISMISSAL

HUGHES, District Judge.

The motion of Aero-Colours to dismiss this suit under Rule 41(a)(1), which gives the plaintiff the right to dismiss a lawsuit without intervention of the court before the defendants have served an answer, will be granted.

Although Rule 41 is explicit about what. each party must do to dismiss or pursue litigation, its application in this case is confused by the refusals of two clerks' offices to accept the parties' filings. The case originated in the Central District of California, and it was transferred to the Southern District of Texas on a motion to change the venue. As the parties vigorously sought to protect themselves, they attempted to file identical instruments in both states, producing this chronology:

| Date | Action | Location |
| --- | --- | --- |
| June 17 | Suit filed | California |
| November 14 | Order to transfer venue | California |
| December 1 | Defendants tender answer | California |
| December 3 | Defendants tender answer | Texas |
| December 5 | File received/transfer effected | Texas |
| December 8 | Tender of notice to dismiss | California |
| December 8 | Tender of notice to dismiss | Texas |
| December 10 | Filing of notice to dismiss | Texas |
| December 10 | Filing of answer | Texas |
| December 10 | Answer served on plaintiff | Texas |

In giving effect to the attempted filings, the court will ignore clerical errors and treat instruments as filed on the dates that they were tendered to the courts that should have. filed the instrument at the time of tender.

A transfer of a case is not complete until the papers are physically lodged in the office of the receiving court. The court sending the case does not lose jurisdiction

of the case until the actual receipt of the papers has occurred. An anomalous discontinuity would result if an order of transfer were to effect an automatic loss of jurisdiction in the sending court, without simultaneously vesting jurisdiction in the receiving court. *Sheldon v. Amperex Electronic Corp.* 52 F.R.D. 1, 5 (E.D.N.Y. 1971).

■ Since the Central District of California did not physically deliver the file until December 5th, the defendants' answer on December 1st should have been accepted in California. For the purpose of this motion, it will be treated as filed on December 1st. Since the clerk of the court for the Southern District of Texas should have accepted all instruments filed in this suit after December 5th when the case was transferred, the plaintiff's December 8th motion of dismissal will be given effect as if it were filed that day. To the extent that only part of the case file may arrive at the receiving court, the transfer is still fully effective, and later installments from the sending court will simply be added to the new case file.

To comply with the particular requirements of Rule 41(a)(1)(i), an answer must be served on the plaintiff so that he may be apprised of his adversary's posture. The purpose of filing is to create an orderly and complete court record while the purpose of service is to effect a complete exchange of information among the parties, to provide notice to them, and to obviate their continual reference to the clerk's files. Wright & Miller at 1141. Although the answer was filed December 8th, the defendants did not serve their answer until December 10th; therefore, the filing of the notice of dismissal predated the service.

■ The defendants argue that *service* is to be used loosely to be interchangeable with *filing*. Words, especially technical terms, should be employed in their ordinary, accepted sense, unless it is clear from the context that a strained or careless meaning was intended. The authorities under it and the amendments of Rule 41(a)(1) show that the drafters selected the words with precision. "A formally labeled answer must be served by the defendant prior to the plaintiff's filing of its notice of dismissal." *Sheldon* at 9. Before 1948 the rule required the plaintiff to serve the notice of dismissal. The requirement to serve notice of dismissal was changed to "file" notice; the service requirements for the defendant were retained. 9 C. Wright & Miller, *Federal Practice & Procedure* Civil § 2363, p. 152 (1971).

Similarly, in Rule 41(a) and (b) the drafters make a distinction between a "claim" and an "action." *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659 (5th Cir.1979). The wording of Rule 41 is unambiguous. Although the rule has undergone four amendments, Congress consistently has avoided vague terms and has left no discretion to the courts to determine the point at which the plaintiff may dismiss the action. Adherence to this clear distinction is necessary for the Rule adequately to apprise both plaintiffs and defendants of their options in proceeding with the litigation. *Santiago v. Victim Services Agcy. of Metro. Asst.*, 753 F.2d 219, 222 (2d Cir.1985).

The purpose of Rule 41(a)(1) is to permit a plaintiff to withdraw his suit at a time when there is no prejudice to another party. Wright & Miller at § 2362, p. 149. Although there has been some effort invested in this action, dismissal at this early stage cannot be inequitable; the defendants have had over five months to serve an answer. The defendants claim that, if the case is dismissed, the plaintiff will file suit in California again. In that event, the defendants need only serve an answer or motion for summary judgment (subject to their contest to the jurisdiction and venue) to avoid a repetition of this problem, or, of course, the defendants can become plaintiffs in a forum of their choice on the issues of their selection.

Equity favors the settlement of litigation by voluntary dismissal. This case will be dismissed without prejudice.