134 F.3d 378
 2 Cal. Bankr. Ct. Rep. 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy PALMER and Francine Palmer, Plaintiffs,
and
Edward F. TOWERS, Plaintiff-Appellee,
v.
STATEWIDE GROUP; La Jolla Lending Corporation, a California
corporation, d/b/a San Francisco Lending
Corporation, Defendants,
and
John F. LEE, Trustee, et al., Defendant-Appellant,
Edward F. TOWERS, Real-party-in-interest-Appellee.
Leory PALMER and Francine PALMER, Plaintiffs-Appellees,
v.
STATEWIDE GROUP; John F. Lee, Trustee, et al., Defendants,
and
LA JOLLA LENDING CORPORATION, a California corporation,
d/b/a San Francisco Lending Corporation, Defendant-Appellant,
Edward F. TOWERS, Chapter 7 Trustee, Real-party-in-interest-Appellee.
 No. 96-17188, 96-17189.
 United States Court of Appeals, Ninth Circuit.
 Feb. 2, 1998.
 
 1
 Before: WIGGINS and KLEINFELD, Circuit Judges, DWYER,** District Judge
 
 
 2
 MEMORANDUM*
 
 
 3
 In an earlier appeal, this court reversed a judgment of the district court and held that plaintiffs Leroy and Francine Palmer were entitled to rescission of a loan, secured by a deed of trust on their house, due to violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. § 226.23. Following remand, the district court entered a judgment for Chapter 7 bankruptcy trustee Edward F. Towers ("Trustee"), as successor to the Palmers, and against defendants La Jolla Lending Corporation ("La Jolla") and John F. Lee, trustee ("Lee"), in the amount of $98,641.16 plus attorney's fees. La Jolla and Lee now appeal, contending that the district court erred in limiting the issues on remand to damages and fees, without revisiting the applicability of TILA, and in valuing the property at $265,000. Lee contends that he had defenses that should have precluded any award of damages or fees against him. Appellants assert that the district court abused its discretion in denying their motions for a new trial, to amend the judgment, or for relief from the judgment. They also contend that the court erred in awarding fees to the Trustee for work done by the Palmers' attorney. We affirm the judgment of the district court.
 
 I. JURISDICTION
 
 4
 As a threshold matter, appellees argue that this court has no jurisdiction to hear La Jolla's appeal (No. 96-17189) because the notice of appeal was filed too late. The judgment appealed from was entered on September 3, 1996. Lee filed a motion for relief from judgment under Fed.R.Civ.P. 59 on September 6, 1996. La Jolla joined in that motion, but did not file its own brief or supporting affidavits until three weeks later. The Trustee, as appellee, contends that La Jolla's joinder did not toll the thirty-day period for filing a notice of appeal. As a consequence, the Trustee argues, La Jolla's notice of appeal is defective.
 
 
 5
 This argument is without merit. A timely motion filed under Rule 59 by any party tolls the time for filing a notice of appeal for all parties. Fed. R.App. P. 4(a)(4); In re Slimick, 928 F.2d 304, 309 n. 6 (9th Cir.1990). Lee's motion under Rule 59 was timely filed. The deadline for filing a notice of appeal was thereby tolled for La Jolla as well as for Lee. The order denying the post-judgment motions was filed on November 1, 1996. Lee's notice of appeal was filed on November 22 and La Jolla's on November 27, 1996. This court has jurisdiction over both appeals.
 
 II. APPLICABILITY OF TILA
 
 6
 This court's earlier memorandum disposition held that "the Palmers are entitled to rescission" under TILA and remanded the case to the district court "for further proceedings consistent with this disposition." Appellants contend that the district court erred in interpreting the mandate to require a judgment in the Trustee's favor, and in refusing to consider evidence that the underlying transaction was exempt from TILA because it was allegedly for a business purpose.
 
 
 7
 Following remand, the district court vacated the earlier judgment and set a briefing schedule on the issue of damages (i.e., the financial consequences of rescission where the encumbered property had been foreclosed upon and sold to an innocent third party). Neither appellant challenged this method of proceeding or sought to relitigate the issue of liability. It is well established that "an appellate court will not reverse a district court on the basis of a theory that was not raised below." Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 546 n. 15 (9th Cir.1991), cert. denied, 503 U.S. 977 (1992). Neither appellant timely objected to the procedure established by the district court.
 
 
 8
 The evidence of an alleged business purpose for the loan was first brought to the district court's attention in post-judgment motions under Fed.R.Civ.P. 59 and 60. La Jolla offered as new evidence a file from a state licensing agency which allegedly showed that the Palmers' home was used for a child care business. The file could have been discovered through due diligence at or before the time of trial. Moreover, the court found that the evidence would not have changed its decision that the loan was obtained for non-business purposes. Accordingly, the Rule 59 requirements for a new trial based on newly discovered evidence were not met. See Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990). Nor has "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b) been shown. "A defeated litigant cannot [under Rule 60(b) ] set aside a judgment because of his failure to interpose a defense that could have been presented at trial...." 11 Wright, Miller, and Kane, Federal Practice and Procedure Civil 2d § 2858 at 285-86 (1995 ed.).
 
 
 9
 Lee argues that he was a mere assignee, see 15 U.S.C. § 1641, and for that and other reasons should not be held liable under TILA. The Trustee responds that Lee independently violated TILA and that, in any event, his arguments come too late. Lee's contentions were first presented in a post-judgment motion under Rules 59 and 60. No substantial reason has been suggested why they could not have been raised earlier. Lee's argument on appeal that he was inadequately represented in the district court by former counsel provides no basis for relief.[1]
 
 
 10
 We review for abuse of discretion the district court's denial of post-trial motions under Fed.R.Civ.P. 59 or 60(b). Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir.1994) (Rule 59); Wilson v. City of San Jose, 111 F.3d 688, 691 (9th Cir.1997) (Rule 60(b)). No abuse of discretion has been shown.
 
 III. PROPERTY VALUATION
 
 11
 Appellants challenge the district court's valuation of the property for purposes of its damages calculation. The court determined that the house was worth $265,000 at the time rescission was sought. We defer to a district court's finding of fact unless it is clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Fed.R.Civ.P. 52(a).
 
 
 12
 Appellants do not object to the analysis used by the district court; they merely re-argue that $197,000--the price at which Lee sold the property after the foreclosure sale--is a better measure of value. We cannot say that the district court's finding as to value was clearly erroneous.
 
 
 13
 When the district court was making its determination regarding damages, neither appellant offered evidence, as opposed to argument, of the value of the property. In his motion for a new trial or to amend judgment, Lee submitted a declaration by an appraiser regarding the value of the house when rescission was demanded. The court found the appraisal to be speculative and untimely, as well as inconsistent with an earlier sworn declaration submitted by Lee. No reason has been suggested, why the appraisal information could not have been timely offered. The district court did not abuse its discretion in denying the post-judgment motions on this issue.
 
 IV. AWARD OF ATTORNEY'S FEES
 
 14
 Whether the district court applied the correct legal standard in awarding attorney's fees is reviewed de novo. Valarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1318 (9th Cir.1997). The amount of a TILA fee award is reviewed for abuse of discretion. Kessler v. Associates Financial Services Co. of Hawaii, Inc., 639 F.2d 498, 499 (9th Cir.1981).
 
 
 15
 The Palmers employed attorney Kenneth Gray to litigate their rescission claim against appellants. Gray continued to prosecute the claim after the Palmers filed for bankruptcy. The Trustee succeeded to the Palmers' position as TILA claimant. See Riggs v. Government Employees Financial Corp., 623 F.2d 68, 72-73 (9th Cir.1980). Gray's work achieved a major benefit for the bankruptcy estate. However, no approval of the bankruptcy court was sought for his representation. The district court's award of fees and costs included $31,455 for Gray's services.
 
 
 16
 We must reconcile the application of two rules of law. TILA provides that a prevailing plaintiff shall be awarded "a reasonable attorney's fee as determined by the court." Kessler, 639 F.2d at 499, quoting 15 U.S.C. § 1640(a)(3). The statute is both remedial and penal. 15 U.S.C. § 1640(a)(3); Riggs, 623 F.2d at 72. An award of fees, where the plaintiff succeeds, is generally mandatory. de Jesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 233-34 (1st Cir.1990); Semar v. Platte Valley Federal Savings & Loan Ass'n, 791 F.2d 699, 703 n. 10 (9th cir.1986). To overturn the award here would be to defeat an important remedy, provided by TILA, in a situation where counsel's efforts fulfilled the statutory purpose. Yet, as a general rule, where no fees are incurred none can be awarded. See, e.g., Hannon v. Security Nat'l Bank, 537 F.2d 327 (9th Cir.1976). In the absence of a bankruptcy court order approving his retention, Gray cannot be paid as an administrative claimant for services to the estate. 11 U.S.C. § 327(e). A nunc pro tunc order authorizing payment is justified "only in exceptional circumstances where the attorney provides a satisfactory explanation for failure to obtain approval in advance." In re Occidental Financial Group, Inc., 40 F.3d 1059, 1062 (9th Cir.1994). Appellants argue that under the principle of Hannon no fee to Gray can be awarded because the Trustee has no obligation to pay him.
 
 
 17
 In this case, however, unlike Hannon, the claimant was represented by counsel, and counsel did valuable work. The Palmers, had there been no bankruptcy, plainly would have been obligated to pay Gray's fees. When the Trustee succeeded to the Palmers' position as TILA claimant, he succeeded to that obligation as well. Even if not qualified as an administrative claimant, Gray remained a general creditor of the estate; thus, the obligation to pay him (along with other creditors) endured. The district court correctly concluded that, under these circumstances, a reasonable fee award under TILA should be made for Gray's work.
 
 V. ATTORNEY'S FEES ON APPEAL
 
 18
 The Trustee requests an award of additional attorney's fees on appeal, and for damages or enhanced costs under Fed. R.App. P. 38. Even where a statute mandates a fee award to a successful plaintiff, discretion exists to deny additional fees on appeal where an award has been made by the district court. See, e.g., Washington State Bowling Proprietors Ass'n v. Pacific Lanes, Inc., 356 F.2d 371, 381 (9th Cir.1966) (denying additional fees on appeal to successful antitrust plaintiff notwithstanding Clayton Act provision, 15 U.S.C. § 15, that such a plaintiff "shall recover ... a reasonable attorney's fee"). We decline to award additional fees, and find that the appeal was not frivolous. The Trustee will, however, recover his costs in this court.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We deny the Trustee's request that judicial notice be taken of a state court malpractice suit commenced by Lee against his former counsel because the existence or non-existence of any such action would not affect our decision. Of course, we express no view as to the merits of any such suit