JUICY WHIP, INC., Plaintiff–Appellant,

v.

ORANGE BANG, INC., Unique Beverage Dispensers, Inc., David Fox, and Bruce Burwick, Defendants–Appellees.

No. 03–1609.

United States Court of Appeals, Federal Circuit.

Sept. 3, 2004.

Ernie L. Brooks, Brooks Kushman, P.C., of Southfield, MI, argued for plaintiff-appellant. With him on the brief were Frank A. Angileri and William G. Abbatt.

Jeffrey A. Schwab, Abelman, Frayne & Schwab, of New York, NY, argued for defendants-appellees. With him on the brief were Anthony A. Coppola and Richard L. Crisona.

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

This is the latest appeal in the lengthy litigation between Juicy Whip, Inc. ("Juicy Whip"), the patentee of a beverage dispenser, and the defendants (collectively, "Orange Bang"), accused infringers. Following our previous decision reversing a judgment of invalidity and unenforceability of Juicy Whip's patent by the United States District Court for the Central District of California, *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728 (Fed.Cir. 2002), a jury awarded Juicy Whip compensatory damages totaling $643,379.75. Juicy Whip now appeals from the court's decision denying its claim for lost profits, *Juicy Whip, Inc. v. Orange Bang, Inc.*, No. CV 96–08148 ABC (RNBx) (C.D.Cal. Dec. 16, 2002) (*"Lost Profits Order"*). Juicy Whip also appeals from the decision of the district court denying its motion for enhanced damages and attorney fees, *Juicy Whip, Inc. v. Orange Bang, Inc.*, No. CV 96–08148 ABC (RNBx) (C.D.Cal. July 30, 2003) (*"Final Judgment"*), and requests reassignment of the case to a new judge. For the reasons set forth below, we vacate the decision denying lost profits and remand for further proceedings; affirm the decision denying enhanced damages and attorney fees; and decline to reassign the case to a different judge.

## BACKGROUND

Juicy Whip owns United States Patent 5,575,405, directed to a beverage dispenser that simulates the appearance of the dispensed beverage to promote sales. Unlike "pre-mix" beverage dispensers in which the beverage syrup concentrate and water are pre-mixed and stored in a display reservoir, Juicy Whip's invention is a "post-mix" dispenser, one that stores the syrup concentrate and water separately and mixes them together just before being dispensed, typically after a consumer places an order. Juicy Whip's dispenser, however, features a transparent bowl that creates the visual impression that the bowl is the primary source of the dispensed beverage, which induces sales of the beverage. That attribute of Juicy Whip's invention also provides more capacity than pre-mix dispensers and affords resistance to bacterial growth.[1]

In June 2002, in the second appeal of this case, we reversed the district court's judgment of invalidity, concluding that there was no substantial evidence to support the jury's verdict that the claims were invalid for prior public use. *Juicy Whip,* 292 F.3d at 743, 746. We also reversed the district court's decision that the patent was unenforceable for inequitable conduct because the record lacked "substantial evidence rising to the level of the clear and convincing evidence necessary" for such a result. *Id.* at 744. We vacated the court's award of costs and remanded for a determination on damages, noting that it had the discretion to award enhanced damages pursuant to 35 U.S.C. § 284. *Id.* at 746.

On remand, the district court denied Juicy Whip's motion to introduce testimony on its lost profits on syrup sales. The court rejected Juicy Whip's argument that

it would have sold more syrup "but for" Orange Bang's infringement. It concluded that Juicy Whip failed to establish that the syrup and the patented dispenser constituted a single functional unit, and the court thus refused to consider whether some of Orange Bang's syrup sales were attributable to its sales of the infringing dispenser. *Lost Profits Order,* slip op. at 6–8. Furthermore, the district court denied Juicy Whip's motion for enhanced damages and attorney fees based on its review of the facts and, particularly, the closeness of the case. *Final Judgment,* slip op. at 7, 11.

Juicy Whip now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

■■■ We review a district court's decision on damages for "an erroneous conclusion of law, clearly erroneous factual findings, or a clear error of judgment amounting to an abuse of discretion." *Rite–Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1543 (Fed.Cir.1995) (en banc). Whether lost profits are available to a patentee is a question of law that we review *de novo. Rite–Hite,* 56 F.3d at 1544. A decision to award enhanced damages and attorney fees is one committed to the discretion of the trial court, 35 U.S.C. §§ 284–285 (2000), and we thus review that decision for an abuse of discretion.

■■■ A decision to exclude evidence and a party's request for reassignment to a different trial judge are not issues unique to patent law, so we apply the law of the regional circuit in which the district court sits, in this case, the Ninth Circuit. *Micro Chem.,* 318 F.3d at 1122. A decision to exclude the presentation of evi-

---

1. For additional discussion of Juicy Whip's patented beverage dispenser, see *Juicy Whip,* *Inc. v. Orange Bang, Inc.,* 185 F.3d 1364, 1365–66 (Fed.Cir.1999).

dence and argument to a jury is subject to review for abuse of discretion. *United States v. Pang,* 362 F.3d 1187, 1194 (9th Cir.2004). "A district court abuses its discretion if its decision rests upon an erroneous view of the law." *Wilson v. City of San Jose,* 111 F.3d 688, 691 (9th Cir.1997).

■ The Ninth Circuit "remand[s] to a new judge only under 'unusual circumstances'" absent personal bias and considers the following factors:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir.1986) (internal quotation marks omitted). "The first two of these factors are of equal importance, and a finding of one of them would support a remand to a different judge.... A district judge's adamance in making erroneous rulings may justify remand to a different judge." *Id.* (citations omitted).

I.  *Lost Profits*

■ On appeal, Juicy Whip argues that the district court erred by denying it the opportunity to present to the jury its theory of lost profits from lost syrup sales. It claims that there exists a functional relationship between the patented dispenser and the unpatented syrup, a link adequate to justify recovery of lost profits. Orange Bang responds that Juicy Whip has not shown sufficient proof of such a functional relationship between the two items and that, because the two items are capable of

use independently of each other, Juicy Whip should not be permitted to recover damages from syrup sales. Orange Bang asserts that the district court was correct to reject Juicy Whip's lost profits argument pursuant to its interpretation of the "entire market value rule" and urges us to affirm the court's decision.

We agree with Juicy Whip that the district court abused its discretion by disallowing Juicy Whip's presentation of factual support for the theory of lost profits. While we are reluctant to send this case back to the district court a third time, we must do so because the court incorrectly applied the entire market value rule, and that error of law was the governing factor in its decision. The court was clearly erroneous in determining that there was no functional relationship between Juicy Whip's dispenser and the syrup; on the contrary, it is clear that there is such a relationship and Juicy Whip should be entitled to prove damages with respect to lost profits from lost syrup sales.

In *Rite–Hite,* we explained that the entire market value rule was a principle of patent damages that defined a patentee's ability to recover lost profits on unpatented components typically sold with a patented item. Although the rule traditionally had been applied to permit recovery when both the patented and unpatented items were part of the same machine, we recognized that "the rule has been extended to allow inclusion of physically separate unpatented components normally sold with the patented components" with the caveat that both were "considered to be components of a single assembly or parts of a complete machine, or they together constituted a functional unit." *Rite–Hite,* 56 F.3d at 1550.

In that case, we considered whether a patentee could recover for lost sales of dock levelers, devices used to bridge the

edges of a vehicle and a dock, given that the vehicle restraint, an apparatus for securing a vehicle to a loading dock to prevent separating from the dock during loading or unloading, was patented. *Id.* at 1542. We rejected the patentee's argument that the recovery on the unpatented dock levelers was permissible, deciding instead that the two devices had been sold together merely for convenience and business advantage. We thus held there that "there is no basis for extending … recovery to include damages for items that are neither competitive with nor function with the patented invention." *Id.* at 1551.

However, the *Rite–Hite* "functional unit" test set forth the key criterion for lost profits of unpatented materials used with a patented device. *See, e.g., Tec Air, Inc. v. Denso Mfg. Mich., Inc.,* 192 F.3d 1353, 1361 (Fed.Cir.1999) (affirming a judgment wherein a jury awarded damages based on the entire market value rule and the functional relationship between patented fans and unpatented radiator and condenser assemblies); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 72 F.3d 857, 868 (Fed.Cir.1995), vacated on other grounds, 520 U.S. 1111, 117 S.Ct. 1240, 137 L.Ed.2d 323 (1997) (sustaining the jury award of damages based on the lost sales of accessory items sold with and having a functional relationship to patented magnetically coupled rodless cylinders). In *Micro Chemical,* a case decided several years later, we decided that unpatented microingredients could be part of a lost profits analysis involving a patented machine that weighed the microingredients, subject to the usual requirements for proving lost profits. 318 F.3d at 1125–26. The microingredients there had a functional relationship to the machine.

In the present case, the district court held that Juicy Whip's patented dispenser and the syrup did not share a functional relationship because the dispenser had been sold separately from the syrup on occasion and because other syrups could be used in Juicy Whip's dispenser. Furthermore, the court stated that the two items were sold together "only as a matter of convenience or business advantage." *Lost Profits Order,* slip op. at 6 (quoting *Rite–Hite,* 56 F.3d at 1550). While Orange Bang maintains that Juicy Whip's claim for lost profits failed for lack of persuasive evidence, it is clear from the district court's opinion that such evidence was excluded because of its belief that no functional relationship existed between the patented dispenser and the syrup. We disagree with the district court in its analysis.

■ The dispenser and the syrup are in fact analogous to parts of a single assembly or a complete machine, as the syrup functions together with the dispenser to produce the visual appearance that is central to Juicy Whip's '405 patent. Despite some limited interchangeability—other syrups may be used in Juicy Whip's dispenser and, likewise, other dispensers could use Juicy Whip's syrups—the two items do "function together to achieve one result," *Rite–Hite,* 56 F.3d at 1551. The dispenser needs syrup and the syrup is mixed in a dispenser. Such is indeed a functional relationship, and a functional relationship between a patented device and an unpatented material used with it is not precluded by the fact that the device can be used with other materials or that the unpatented material can be used with other devices. We therefore conclude that the district court erred as a matter of law by denying Juicy Whip the opportunity to present to the jury evidence for its theory of lost profits on lost syrup sales. Accordingly, we vacate the jury's award of a reasonable royalty and remand this sticky issue for further proceedings to allow

Juicy Whip to prove lost profits on its syrup sales.

## II. Enhanced Damages and Attorney Fees

■ Juicy Whip argues that the district court abused its discretion by refusing to enhance damages and award attorney fees. It points out that Orange Bang was found to be a willful infringer, that Orange Bang had no good faith belief in its arguments of non-infringement or invalidity, and that Orange Bang presented a shotgun approach with ten defenses, all of which were eventually determined to be meritless. Juicy Whip also claims that the district court made several clearly erroneous findings of fact in analyzing the factors set forth in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed.Cir.1992).

Orange Bang responds that the district court understood and applied the law correctly, taking into account all the relevant circumstances. It emphasizes that the court considered the issues of infringement, willfulness, and damages to be close questions and that the trial judge was in the best position to weigh those factors. Particularly, Orange Bang points out that the jury deliberated for four days and that the appeal of the jury's invalidity verdict was decided by a split panel of our court. Additionally, Orange Bang argues that the district court properly considered each of the *Read v. Portec* factors.

■ We agree with Orange Bang that the district court did not abuse its discretion by denying Juicy Whip's motion to award enhanced damages and attorney fees. First, our precedent is clear that "a finding of willful infringement merely *authorizes*, but does not *mandate*, an award of increased damages." *Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed.Cir.1990); *see also Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1378

(Fed.Cir.2002). Secondly, the district court presented a thorough and complete analysis of the *Read v. Portec* factors, and we owe deference to the district court's conclusion. The court's well-reasoned analysis cannot be construed as an abuse of discretion. Finally, the court properly considered the various factors relating to attorney fees, including "the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice,'" *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed.Cir.2001) (quoting *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1197 (Fed.Cir.1996)). Additionally, we note that the district court refused to grant Orange Bang's motion for attorney fees in its 2001 decision. Because we are satisfied that the court appropriately exercised its discretion in denying attorney fees, we affirm that portion of the district court's decision.

## III. Reassignment to a Different Judge

■ Juicy Whip lastly requests that the case be reassigned to a different district court judge, alleging that the judge "continues to view Juicy Whip's invention with disdain and is punishing Juicy Whip as a result." Appellant's Opening Br. at 40. Juicy Whip cites passages from various opinions issued by the district court that it claims are indicative that the court may have "substantial difficulty putting out of its mind its view that the '405 invention lacks utility and/or is unimportant." *Id.* at 43. Orange Bang responds simply that there are insufficient grounds to require reassignment.

We agree with Orange Bang that reassignment to a different judge is not warranted in this case. Juicy Whip does not assert personal bias and has not shown

adequate reason to merit the unusual remedy of reassignment. We cannot say, based on the few excerpts cited by Juicy Whip in view of the entire lifetime of this litigation spanning nearly seven years, that the district court judge has demonstrated such irreversibly firm views that the case requires reassignment or that such action is necessary to preserve the appearance of justice. The district court judge is quite familiar with the parties and the issues, and reassignment would only result in a waste of judicial resources. Because "[s]uch unusual circumstances rarely exist" to justify reassignment, *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1017 (9th Cir.2003), and because we do not believe that this is such a case, we decline to reassign the case on remand.

## CONCLUSION

For the reasons stated above, we affirm the district court's denial of enhanced damages and attorney fees, vacate the jury's award of a reasonable royalty, and remand for further proceedings to determine damages to the extent that Juicy Whip is able to prove lost profits. We reject Appellant's request to reassign the case upon remand.

## COSTS

Each party shall bear its own costs.

*AFFIRMED–IN–PART, VACATED–IN–PART, AND REMANDED.*