NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LESLIE A. PASCASCIO,<br><br>                  Debtor.<br>_____<br><br>TEENA COLEBROOK,<br><br>                  Appellant,<br><br>   v.<br><br>CIT BANK,<br><br>                  Appellee. | No. 16-56445<br><br>D.C. No. 2:15-cv-07837-AB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Teena Colebrook appeals from the district court's order affirming the

bankruptcy court's order denying her motion to vacate under Fed. R. Civ. P. 60(b)

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

its order granting CIT Bank's motion for relief from the automatic stay in an unrelated bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court did not err in finding that Colebrook was properly served with the motion for relief from the automatic stay, and Colebrook failed to rebut the presumption of receipt. *See* Fed. R. Bankr. P. 9014(b) (a motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004"); Fed. R. Bankr. P. 7004(b)(1) (service may be made within the United States by first class mail postage prepaid to the individual's dwelling house or usual place of abode); *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) (proof of mailing creates a rebuttable presumption of its receipt, which "can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished."). Thus, the bankruptcy court did not abuse its discretion by denying Colebrook's motion to vacate the order granting CIT relief from the automatic stay because Colebrook was served with CIT's motion for relief from the automatic stay and failed to object. *See Wilson v. City of San Jose*, 111 F.3d 688, 691 (9th Cir. 1997) (standard of review).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Colebrook's motions to take judicial notice (Docket Entry Nos. 18 and 33) are denied as unnecessary.

**AFFIRMED**.