NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GROUP ONE LTD.,**
*Plaintiff-Appellant*

**v.**

**GTE GMBH, RALF WEIGEL, IN HIS CORPORATE CAPACITY AS OWNER OF GTE AND IN HIS INDIVIDUAL CAPACITY,**
*Defendants*

**v.**

**UNITED STATES TENNIS ASSOCIATION, INCORPORATED,**
*Respondent-Appellee*

_____

2024-1273

_____

Appeal from the United States District Court for the Eastern District of New York in No. 1:20-cv-02205-MKB-JRC, Chief Judge Margo K. Brodie.

_____

Decided:  August 21, 2025

_____

JOSHUA ADAM DAVIS, JDTechLaw LLC, Brooklyn, NY, argued for plaintiff-appellant.

NEAL MCLAUGHLIN, Alston & Bird LLP, New York, NY, argued for respondent-appellee. Also represented by KIRK T. BRADLEY, Charlotte, NC.

_____

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and WANG, *District Judge*.[1]

STOLL, *Circuit Judge*.

Group One Ltd. appeals the decisions of the United States District Court for the Eastern District of New York that (1) denied holding a non-party, the United States Tennis Association, Inc. (USTA), in contempt of a temporary restraining order; and (2) awarded Group One less than its requested damages amount after default judgment was entered against defendants GTE GmbH and Ralf Weigel. For the reasons discussed below, we affirm-in-part, reverse-in-part, and remand.

I

Group One sued GTE and Mr. Weigel for direct and indirect patent infringement of United States Patent Nos. 10,583,341 and 10,272,307; false advertising under the Lanham Act; and various other claims under New York state law related to the same technology. Group One's patents disclose a let detection system that both indicates to an umpire in a tennis match whether a ball has clipped the net during a serve by measuring net tension and allows the umpire to control a shot clock. GTE and Mr. Weigel defaulted after Group One served its First Amended Complaint, and the district court ultimately entered default judgment for (1) direct and indirect patent infringement of

_____

[1] Honorable Nina Y. Wang, District Judge, United States District Court for the District of Colorado, sitting by designation.

the '341 and '307 patents based on defendants' sale of their commercialized Trinity let detection system for use at the 2019 and 2020 U.S. Open Tennis Championships, (2) false advertising based on disparaging remarks made about Group One's commercialized let detection system, and (3) tortious interference with prospective business relations and unfair competition under the New York common law. The district court awarded Group One its lost profits due to defendants' infringement of the '341 and '307 patents at the 2019 and 2020 U.S. Opens. But the district court declined to award any lost profit damages for the 2021 U.S. Open or for other major tennis tournaments that were not named in Group One's pleadings, and it declined to award post-judgment interest.

As the default proceedings were taking place, Group One also moved for a temporary restraining order based on the '341 patent to prevent the use of infringing Trinity let detection systems during the 2021 U.S. Open, a tennis tournament put on by USTA. The district court issued a TRO, and Group One moved to enforce the TRO when the 2021 U.S. Open began, alleging that infringing Trinity let detection systems were being used at the tournament. The district court held a hearing—at which it invited non-party USTA to participate, in view of defendants' default—to determine whether the TRO was being violated at the 2021 U.S. Open. At the TRO hearing, it was uncontested that, for the 2021 U.S. Open, USTA had ordered from the defaulting defendants non-infringing "Legacy" Trinity let detection systems that predated Group One's patent. Group One nonetheless alleged that USTA was infringing the '341 patent because USTA added a part to the Legacy Trinity let detection systems to make them infringing. The district court found that USTA was not in contempt of the TRO because Group One had failed to carry its burden to show by clear and convincing evidence that USTA, as a

non-party, was acting in concert with the defaulting defendants to whom the TRO applied.[2]

Group One appeals (1) the district court's failure to hold USTA in contempt of the TRO; and (2) the amount of the damages award entered against the defaulting defendants. Only USTA filed a response to Group One's appeal, which addresses only the contempt issue. We have jurisdiction under 28 U.S.C. § 1295(a)(1). We take each issue in turn.

## II

Group One asserts that the district court erred by not enforcing the TRO against non-party USTA. Applying the law of our circuit, we let the denial of a contempt order based on infringement stand unless the district court abused its discretion. *See Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1370 (Fed. Cir. 2010) (per curiam). "Whether a non-party to an injunction proceeded 'in active concert' with another party bound by that injunction, . . . presents an issue of fact that we review for clear error." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1293 (Fed. Cir. 2012) (citation omitted). Here, the district court's TRO only applied to "Defendants, their officers, . . . and all those acting in concert or in participation with" GTE and Mr. Weigel. J.A. 821–22. We see no error in the district court's finding that Group One failed to prove by clear and convincing evidence that non-party customer USTA was acting in concert with the defaulting defendants instead of acting independently.

As the district court reasonably found, Group One (1) conceded there was no direct infringement by the defaulting defendants in fulfilling USTA's order for non-infringing Legacy Trinity let detection systems, (2) provided

---

[2]    Group One has, to date, not filed suit against USTA for patent infringement.

no evidence that the defaulting defendants had any knowledge or control over USTA's actions once USTA acquired the Legacy Trinity let detection systems, and, thus, (3) failed to show that USTA was acting in concert with the defaulting defendants instead of independently. Nor did the district court disregard certain evidence and argument—for example, that USTA leases the Trinity let detection systems or that USTA has shared litigation history with the defaulting defendants—as Group One contends. Instead, the district court was merely unpersuaded by Group One's arguments.

Finally, Group One's reliance on a default judgment of contributory infringement against defendants as demonstrating that USTA was acting in concert or participation with them is misplaced. That defendants chose to forego litigation and accept judgment does not eliminate USTA's opportunity to present its defenses (e.g., invalidity or non-infringement) in court. *See Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1365 (Fed. Cir. 2017) ("[A]n injunction may not 'make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law.'" (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945))). Group One also suggests that the district court's act of issuing a show cause order to USTA to show why USTA was not in contempt somehow supports Group One's position. But the issuance of a show cause order prior to the contempt hearing did not resolve the question on which the district court sought input from USTA. Rather, the show cause order merely allowed the district court to seek that input, which it then used to arrive at a reasoned conclusion.

## III

Group One challenges the district court's failure to grant (1) lost profit damages for defendants' infringement of the '341 and '307 patents for the 2021, 2022, and 2023 U.S. Opens; (2) non-patent lost profit damages against defendants under the Lanham Act for the other three grand

slam tennis tournaments in the years of 2020 and 2021; and (3) post-judgment interest. "We review a district court's decision on [patent] damages for 'an erroneous conclusion of law, clearly erroneous factual findings, or a clear error of judgment amounting to an abuse of discretion.'" *Juicy Whip, Inc. v. Orange Bang, Inc.*, 382 F.3d 1367, 1370 (Fed. Cir. 2004) (quoting *Rite–Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1543 (Fed. Cir. 1995) (en banc)). We review non-patent damages issues under the law of the regional circuit. *See Thompson v. Haynes*, 305 F.3d 1369, 1374 (Fed. Cir. 2002) ("In deciding non-patent issues, such as . . . issues under . . . the Lanham Act, this Court applies regional circuit law."); *Taltech Ltd. v. Esquel Enters. Ltd.*, 604 F.3d 1324, 1335 (Fed. Cir. 2010) (applying regional circuit law in reviewing a post-judgment interest award). The Second Circuit reviews damages awards under the Lanham Act for an abuse of discretion, *see Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 261 (2d Cir. 2014), and reviews the award of post-judgment interest de novo, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004).

As to the patent damages award, Group One fails to address that the district court did not award damages for the 2021 U.S. Open because its "conclusion that [Group One]'s patent infringement claims were successful only applied to the 2019 and 2020 U.S. Open events." J.A. 44 n.3 (citing J.A. 1648). On appeal, Group One did not challenge that the default judgment of infringement was limited to the 2019 and 2020 U.S. Opens. Because patent damages cannot be awarded for non-infringing activity, we are unpersuaded that the district court abused its discretion in not awarding damages for U.S. Opens for which there were no infringement findings.

As to Group One's non-patent damages argument, pertinent to the district court's analysis is the default context, a context in which "[c]ourts have . . . strictly construed the damages provisions of complaints." J.A. 51 (alteration in

original) (citation omitted). This allows courts to abide by the principle that "[i]t would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant . . . default[], allow the court to give a different type of relief or a larger damage award." J.A. 49–50 (quoting *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007)). The district court thus determined that, while Group One need not have specified the exact amount of lost profits it was requesting in its pleadings, it was only fair to hold Group One to the events it specifically mentioned in its Amended Complaint—i.e., the 2019 and 2020 U.S. Opens. While Group One now points to oblique mentions of other "prospective customers" in the Amended Complaint, Group One does not dispute that the only tennis tournaments explicitly named in its allegations in its Amended Complaint are the 2019 and 2020 U.S. Opens. As the district court noted, and Group One has failed to meaningfully challenge on appeal, there is no reason Group One, when drafting its pleadings, could not have specifically listed the other major tennis tournaments it believed it could seek lost profits for to provide notice to the defaulting defendants. To only seek such damages after default here is fundamentally unfair, as in this case it would more than triple Group One's damages award. Accordingly, we are unpersuaded that the district court abused its discretion in its award of no non-patent damages.

The district court erred, however, in not awarding post-judgment interest, which is mandated by statute. *See* 28 U.S.C. § 1961(a). The Second Circuit has stated that where a party has pled for post-judgment interest, it is error for the district court to not include it. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) ("Because we have consistently held that an award of postjudgment [sic] interest is mandatory, the district court erred in not including interest at the statutory rate." (citation omitted)).

## IV

We have considered Group One's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm (1) the district court's decision not to hold USTA in contempt of the TRO; (2) the district court's decision to award lost profit damages for infringement of the '341 and '307 patents only for the 2019 and 2020 U.S. Opens; and (3) the district court's decision not to award any non-patent lost profit damages under the Lanham Act.  We reverse the district court's decision not to award Group One post-judgment interest and remand for further proceedings consistent with this opinion.

**AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED**

COSTS

Costs to Appellee United States Tennis Association, Inc.