EOLAS TECHNOLOGIES INCORPO-
RATED and The Regents of the Uni-
versity of California, Plaintiffs–Re-
spondents,

v.

MICROSOFT CORPORATION,
Defendant–Petitioner.

Misc. No. 811.

United States Court of Appeals,
Federal Circuit.

Jan. 18, 2006.

Before RADER, Circuit Judge,
FRIEDMAN and PLAGER, Senior
Circuit Judges.

## ORDER

RADER, Circuit Judge.

Microsoft Corporation petitions for per-
mission to appeal the order certified by the
United States District Court for the
Northern District of Illinois in *Eolas Tech.
Inc. v. Microsoft Corp.*, No. 99–626 (Nov.
30, 2005) as one involving a controlling
question of law as to which there is sub-
stantial ground for difference of opinion
and for which an immediate appeal may
materially advance the ultimate termi-
nation of the litigation. 28 U.S.C.
§§ 1292(b) and (c). Eolas Technologies et
al. (Eolas) respond.

On March 2, 2005, this panel issued its
decision in *Eolas Techs. Inc. v. Microsoft
Corp.*, 399 F.3d 1325 (Fed.Cir.2005), which
affirmed-in-part, vacated-in-part, and re-
manded for a new trial. A dispute arose
on remand whether the case should remain
with the judge who presided over the trial
or be reassigned to a different judge in
view of Rule 36 of the Court of Appeals for
the Seventh Circuit and Local Rule 40.5 of
the Northern District of Illinois.

Seventh Circuit Rule 36 provides:

Whenever a case tried in a district court
is remanded by this court for a new
trial, it shall be reassigned by the dis-
trict court for trial before a judge other
than the judge who heard the prior trial
unless the remand order directs or all
parties request that the same judge re-
try the case. In appeals which are not
subject to this rule by its terms, this
court may nevertheless direct in its
opinion or order that this rule shall ap-
ply on remand.

Local Rule 40.5 of the Northern District
of Illinois provides:

1. (a) General. This rule shall not
apply to remands resulting from appeals
of summary judgments or interlocutory
orders unless the mandate or order re-
manding the case indicates that it is to
be reassigned to a judge other than the
judge to whom the case was previously
assigned ("prior judge"). Whenever a
mandate from the Court of Appeals for
the Federal Circuit or the Seventh Cir-
cuit is filed with the clerk indicating that
the case appealed is remanded for a new
trial, the case shall be assigned to the
Executive Committee, except

(1) if the mandate or accompanying
opinion indicates that the case is to be
retried by the prior judge, then the
case shall remain on that judge's cal-
endar, or

(2) where the prior judge is no longer
sitting and the case is an Eastern
Division case, it will be reassigned by
lot, or

(3) where the prior judge is no longer
sitting and the case is a Western Divi-

sion case, it will be assigned to a Western Division judge.

On remand, the case was assigned to the same judge who had presided over the prior trial. In a letter to the Executive Committee, Microsoft expressed the view that the local rule required that the case be referred to the Executive Committee. The Executive Committee orally communicated that it was remitting the decision whether the local rule required reassignment to another judge. The trial judge noted that the Seventh Circuit, from which the district court receives nearly all its remands, decides by virtue of its rule which judge will preside on remand. As a result, the district court does not have occasion to look to its own rule, which "has become a mostly dormant section of our Local Rules."

The trial judge stated that the application of the local rule to remands from the Federal Circuit "is somewhat problematic," noting that the Federal Circuit has no rule mirroring the Seventh Circuit's rule and concluding that reassignment to another judge would be inconsistent with Federal Circuit policy. The trial judge stated:

> The Federal Circuit itself has not endorsed a policy of requiring reassignment to a different trial judge when cases are remanded after trial. I find no evidence that the Federal Circuit intends to adopt a policy that its remands are to be governed by whatever case-assignment rule is adopted by the Court of Appeals with geographic jurisdiction over the district court. What precedent exists suggests the policy of the Federal Circuit is not at all like that of the Seventh Circuit, for the obvious reason that all but a handful of patent cases are like this one, requiring significant judicial effort and benefitting from the knowledge of the judge who tried the case initially. Absent a showing of bias or antagonism, which defendant does not here allege, the Federal Circuit appears to disfavor reassignment to another judge.

Microsoft sought reassignment. The trial judge denied Microsoft's motion, but stated he would be willing to entertain a motion to certify the order for immediate interlocutory appeal. On November 30, 2005, the district court granted Microsoft's unopposed motion to certify the order and certified for interlocutory appeal the following question: "Whether the Court of Appeals for the Federal Circuit intended or, by operation of any rule in effect, ordered that this case be reassigned to a new judge on remand."

The decision whether to grant a petition for permission to appeal is within this court's discretion. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir.1990). We conclude that it is appropriate to exercise our discretion and grant Microsoft's petition for permission to appeal. We note that this is not the first time that this issue has been brought to the attention of this court.

In their briefs, the parties may address whether the Seventh Circuit or local rule should apply to this case in particular or to all Federal Circuit remands to district courts in the Seventh Circuit, or both. The nature and scope of our review is not limited to the controlling question certified by the district court. *See United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983). Because there is a single issue in this case, we adjust the normal briefing procedures. We do not anticipate scheduling oral argument unless the parties demonstrate a compelling need.

Accordingly,

IT IS ORDERED THAT:

(1) Microsoft's petition for permission to appeal is granted.

(2) Microsoft and Eolas shall each file briefs containing no more than 7,000 words within 21 days of the date of filing of this order. The joint appendix is due within 7 days thereafter.