# United States Court of Appeals for the Federal Circuit

06-1238

EOLAS TECHNOLOGIES, INCORPORATED
and REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Plaintiffs-Appellees,

v.

MICROSOFT CORPORATION,

Defendant-Appellant.

Martin R. Lueck, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, Minneapolis, for plaintiffs-appellees. With him on the brief were Jan M. Conlin, Richard M. Martinez, and Munir R. Meghjee.

David T. Pritikin, Sidley, Austin, Brown & Wood LLP, of Chicago, Illinois, for defendant-appellant. With him on the brief were Constantine L. Trela, Jr., Richard A. Cederoth, and Robert N. Hochman of Chicago, Illinois, and Carter G. Phillips, of Washington, DC. Of counsel on the brief were M. Michael Hartmann, Brett A. Hesterberg, and Steven P. Petersen, Leydig, Voit & Mayer, Ltd., of Chicago, Illinois.

Appealed from: United States District Court for the Northern District of Illinois

Judge James B. Zagel

# United States Court of Appeals for the Federal Circuit

06-1238

EOLAS TECHNOLOGIES INCORPORATED
and REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Plaintiffs-Appellees,

v.

MICROSOFT CORPORATION,

Defendant-Appellant.

_____

DECIDED:  July 31, 2006

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

RADER, Circuit Judge.

On remand from an earlier decision of this court, Eolas Techs. Inc. v. Microsoft Corp., 399 F.3d 1325 (Fed. Cir. 2005) (Eolas I), the United States District Court for the Northern District of Illinois denied Microsoft Corporation's (Microsoft's) motion seeking to have the case reassigned to a different judge.  Eolas Techs. Inc. v. Microsoft Corp., No. 99 C 0626 (N.D. Ill. Oct. 26, 2005) (opinion and order denying motion to reassign) (Denial Order).  Microsoft petitioned this court for permission to appeal the district court's denial.  This court granted that petition.  Eolas Techs. Inc. v. Microsoft Corp., Misc. No. 811, slip op. (Fed. Cir. Jan. 18, 2006).  Because this court defers to the law of the regional circuit on the issue of reassignment and Seventh Circuit Rule 36 requires

reassignment, this court reverses the district court's denial of Microsoft's motion to reassign the case.

I.

In 1999, Eolas Technologies Incorporated and The Regents of the University of California (collectively, Eolas) sued Microsoft, alleging that Microsoft's Internet Explorer infringed claims of U.S. Patent No. 5,838,906 (the '906 patent). After the district court construed the claims, a jury found that Microsoft infringed claims 1 and 6 of the '906 patent and actively induced others to infringe claim 1 of that patent. Eolas I, 399 F.3d at 1328. Invoking 35 U.S.C. § 271(f), the district court determined that the royalty awarded to Eolas should reflect the foreign sales of Internet Explorer. Id. The district court further ruled in Eolas' favor on Microsoft's defenses, granting judgment as a matter of law (JMOL) against Microsoft's invalidity defenses of anticipation and obviousness, and against its inequitable conduct defense. Id. On appeal, this court affirmed the district court's claim construction and its damages analysis with respect to section 271(f). Id. at 1341.

At the same time, this court found that the district court erred in rejecting Microsoft's defenses. Therefore, this court vacated the JMOL and remanded for further proceedings, including the resolution of genuine factual disputes. Id. at 1335. On Microsoft's inequitable conduct defense, this court vacated the district court's decision because it incorrectly excluded from its analysis a software product, which was potentially prior art. Id. Thus, this court remanded for the district court to assess inequitable conduct in light of that software product, and to, if necessary, "reconsider its findings" regarding intent to deceive the United States Patent & Trademark Office. Id. at

06-1238                                    2

1336. This court's decision in <u>Eolas I</u> did not mention reassignment to a different judge on remand.

After the case returned to the district court, Microsoft sought reassignment to a different judge. Microsoft did not assert any bias or misconduct on the part of the original judge, but instead urged that reassignment should occur automatically by operation of Local Rule 40.5, entitled "Remands, Procedures for Following Appeals." That rule, applicable in the Northern District of Illinois, states:

> **(a) General.** This rule shall not apply to remands resulting from appeals of summary judgments or interlocutory orders unless the mandate or order remanding the case indicates that it is to be reassigned to a judge other than the judge to whom the case was previously assigned ("prior judge"). Whenever a mandate from the Court of Appeals for the Federal Circuit or the Seventh Circuit is filed with the clerk indicating that the case appealed is remanded for a new trial, the case shall be assigned to the Executive Committee, except
>
>> (1) if the mandate or accompanying opinion indicates that the case is to be retried by the prior judge, then the case shall remain on that judge's calendar . . .
>
> . . . .
>
> **(c) Reassignment.** When a stipulation is filed indicating that the parties wish the case assigned to the prior judge, the Executive Committee shall reassign the case to that judge. When no such stipulation is filed, the Executive Committee shall direct that the case be reassigned to a judge other than the prior judge. A case reassigned pursuant to this rule shall be treated for assignment purposes as a new case. The judge receiving the case is not authorized to transfer a similar case to the Executive Committee for reassignment to the prior judge.

N.D. Ill. Local Rule 40.5 (LR 40.5). In the <u>Denial Order</u>, the district court explained that LR 40.5 "has become a mostly dormant section" of the Local Rules. <u>Denial Order</u> at 2-

3.  According to the district court, that dormancy is a result of Circuit Rule 36 of The United States Court of Appeals for the Seventh Circuit.  That rule provides:

> Whenever a case tried in a district court is remanded by this court for a new trial, it shall be reassigned by the district court for trial before a judge other than the judge who heard the prior trial unless the remand order directs or all parties request that the same judge retry the case.  In appeals which are not subject to this rule by its terms, this court may nevertheless direct in its opinion or order that this rule shall apply on remand.

7th Cir. R. 36.  Thus, in the case of a remand from the Seventh Circuit, Circuit Rule 36 makes reassignment the default rule—hence the "dormant" status of LR 40.5.  The district court explained that application of LR 40.5 to cases on remand from the Federal Circuit was "problematic" because the local rule does not mirror a Federal Circuit rule like Circuit Rule 36.  Denial Order at 3.  The district court further concluded that "the policy of the Federal Circuit is not at all like that of the Seventh Circuit."  Id.  Thus, the district court concluded that application of Circuit Rule 36 would be inconsistent with "Federal Circuit policy."  Finally, the district court reasoned that even if LR 40.5 were applied, reassignment would not be required because Eolas I indicated that the case should remain with the same judge.  According to the district court, when this court directed that "the district court may reconsider its findings" on remand, Eolas I, 399 F.3d at 1336, it signaled an intent to send the case back to the same judge because only the same judge could "reconsider its findings."  Denial Order at 5.  Microsoft appeals, arguing that the Seventh Circuit's Rule 36 should operate to reassign this case.

II.

The reassignment of a case to a new district court judge after remand is a procedural question that is not unique to this court's exclusive jurisdiction.  Accordingly,

regional circuit law governs reassignment questions. See, e.g., Juicy Whip, Inc. v. Orange Bang, Inc., 382 F.3d 1367, 1370 (Fed. Cir. 2004) (citing Micro Chem., Inc. v. Lextron, Inc., 318 F.3d 1119, 1122 (Fed. Cir. 2003)). This court bases its deference for regional circuit law on a concern for "consistency of future trial management." See Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 857-58 (Fed. Cir. 1991) (explaining that regional circuit law should apply to construction of the Federal Rules of Civil Procedure or the local rules of the district court). In this case, trial management came to a halt as the district court departed from the normal rules for remands in the Seventh Circuit and sought instead a proper course for remands from this court. This court intended to prevent this type of confusion with its rule of deference for procedural matters without substantive bearing on this court's exclusive jurisdiction. Thus, while it examined both Juicy Whip and Micro Chem in its search for the correct law on judicial reassignment, Denial Order at 4, the district court erred in its assessment of those opinions. Both Juicy Whip and Micro Chem applied regional circuit law in deciding the question of reassignment on remand. See Juicy Whip, 382 F.3d at 1373-74 (citing and applying Ninth Circuit law); Micro Chem, 318 F.3d at 1126 (citing and applying Tenth Circuit law); see also Int'l Rectifier Corp. v. IXYS Corp., 361 F.3d 1363, 1377 (Fed. Cir. 2004) (looking to regional circuit law when considering whether to remand to a different judge). In short, as these cases show, the law of the Seventh Circuit controls the reassignment question in this case.

The Seventh Circuit appears unique among the circuit courts of appeals because it sets forth its law on judicial reassignment in the form of a rule. Thus, contrary to Eolas' arguments, Circuit Rule 36 is not merely an internal glossary for construing

silence in Seventh Circuit opinions as a direction to reassign a case on remand. Rather, the Seventh Circuit rule makes reassignment the norm, unless our sister circuit alters the default rule with an express assignment back to the same judge. "The purpose of Rule 36 is to avoid, on retrial after reversal, <u>any</u> bias or mindset the judge <u>may</u> have developed during the first trial." <u>Cange v. Sotler and Co.</u>, 913 F.2d 1204 (7th Cir. 1990) (emphases added). Because the operation of Rule 36 avoids "any bias or mindset" that "may have developed," the law of the Seventh Circuit differs from that of other circuits. <u>See, e.g.</u>, <u>Procter & Gamble Co. v. Haugen</u>, 427 F.3d 727, 744 (10th Cir. 2005) ("[W]e will remand with instructions for assignment of a different judge only when there is proof of personal bias or under extreme circumstances.") (internal quotes and citation omitted); <u>Glen Holly Entm't v. Tektronix Inc.</u>, 343 F.3d 1000, 1017-18 (9th Cir. 2003) (explaining that reassignment considerations include "whether the district court judge would have substantial difficulty in putting out of his or her mind previously expressed views"); <u>United States v. Microsoft Corp.</u>, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (explaining that reassignment does not require a finding of actual bias or prejudice, "but only that the facts might reasonably cause an objective observer to question the judge's impartiality") (internal quotes and citation omitted).

Contrary to Eolas' arguments, Rule 36 applies to remands from this court as well as from the Seventh Circuit itself. Nothing in the language of that rule prevents this court from applying the same rule. Because it is a rule of the Seventh Circuit, the rule's language referring to a case "remanded by this court for a new trial" refers literally to a case remanded by the Seventh Circuit. However, when this court follows the law of a regional circuit, it acts, as best it can, as that regional circuit would when confronted with

06-1238                                    6

the same issue. When this court adopts the Seventh Circuit's law on reassignment, it follows Rule 36 in the same way the Seventh Circuit would. Thus, when applying Rule 36 in the place of the Seventh Circuit, the Federal Circuit becomes "this court" within the language of the rule.

Application of Rule 36 does not rob this court of its independent duty to assess reassignment in any particular case. Rather, Rule 36 itself leaves "this court" free to permit the default rule to operate or to permit remand to the same judge or to require reassignment when the default rule would not otherwise operate. See Cange, 913 F.2d at 1298 ("[Rule 36] does not automatically apply where the judgment reversed has not resulted from a trial, but we apply it in our discretion to avoid the operation of bias or mindset which seems likely to have developed from consideration and decision of motions to dismiss or motions for summary judgment and the like."); Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503, 517 (7th Cir. 1997) (vacating and remanding for a new trial with the instruction that "Rule 36 shall not apply on remand").

Because Rule 36 applies on remand after the Eolas I decision, this court need not examine the applicability of LR 40.5 to this case. Nonetheless, the district court relied heavily on LR 40.5, therefore this court will briefly address that reasoning. In Eolas I, this court noted that "the district court may reconsider its findings" on remand. 399 F.3d at 1336. That statement addressed "the district court," not any particular judge representing that court. In other words, this court did not use that language to signal a decision to depart from Circuit Rule 36, or LR 40.5, to the extent the latter applies. While courts often interchange loosely terms like "the judge" and "the court," the district court itself is not literally synonymous with the presiding district court judge. Thus, the

same district court, here the District Court for the Northern District of Illinois, may "reconsider" an issue even though a different judge supplied the initial consideration. Any discussion of reassignment necessarily must distinguish between an individual judge and the court itself. This court's statement did not signal any departure from the Seventh Circuit rule by referring only to "the district court."

COSTS

Each party shall bear its own costs.

REVERSED