

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2008

# Schneider v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2640

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Schneider v. USA" (2008). *2008 Decisions.* Paper 152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2640

FREDERICK SCHNEIDER,
Appellant

v.

UNITED STATES OF AMERICA; U.S. DEPT OF HUD, Multi-Family; DIANE J.
JOHNSON, Field Director; WALTER E. KREHER, Director; DEAN J. SANTA, Project
Manager; BEST OF LIFE PARK APARTMENTS; MARTIN WOOD, President; STAN
DYNER, Vice President; MARVIN MILLER, Treasurer; SEYMOUR ROSEN, Corp.
Sec'ty; CLAIRE GOLDBLATT, Recording Sec'ty; CAROLE A. KOOTMAN,
Administrator; KATHY THOMAS, Admin. Assistant; JOHN R. PERINO, Clerk;
DOROTHEA ARLOTTA, Clerk; VANESSA DONALDSON, Clerk; SIDNEY CRANE,
Trustee; HENRY COHEN, Trustee; HERBERT STERN, Trustee; IRVING
SHEINFELD, Trustee; ROBERT KIEJDAN, Trustee; MAURY BLUMBERG, Trustee

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. Civil Action No. 08-cv-00708)
District Judge:  Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2008

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 2008)

OPINION

PER CURIAM

Frederick Schneider, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm in part and vacate in part the District Court's order.

Schneider filed a complaint against the United States, the Department of Housing and Urban Development ("HUD"), HUD employees, Best of Life Park Apartments, and Best of Life officers and employees. He alleged that he lived in the Best of Life Park Apartments, which received federal funding from HUD. Schneider further alleged that he filed a complaint with HUD complaining that Best of Life and its officers and employees violated HUD regulations. Schneider stated that Best of Life ignored "smoky emissions spewing" into his unit from a casino. Schneider further complained, among other things, that Best of Life rented apartments to ineligible tenants, improperly allowed casino employees to rent apartments, and kept vacant over 15 apartments for nefarious activities. Schneider claimed that HUD employees conspired with Best of Life to cover up their wrongful acts, and that Best of Life evicted him from his apartment in retaliation for his filing of a previous federal complaint.

The District Court dismissed Schneider's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The District Court explained that it was well-acquainted with Schneider's claims, as he had

2

filed a lawsuit in 2006 against the United States and many of the same individuals affiliated with Best of Life. See D. N.J. Civ. No. 06-cv-03200. The District Court stated that Schneider had also filed another action against the Best of Life defendants, the United States, HUD, and its employees, which was nearly identical to his present action. See D. N.J. Civ. No. 07-cv-03887.

In the second action, the District Court wrote Schneider a letter and asked him to amend his complaint to clarify what each defendant allegedly did to him and how he was harmed, noting that it was unable to determine whether his complaint should be dismissed pursuant to 28 U.S.C. § 1915(e). The District Court also told Schneider that, if his intent was to amend his complaint in No. 06-3200, he should notify the court so that it could terminate the second case. In response to the District Court's letter, Schneider voluntarily dismissed his complaint and moved to file a second amended complaint in No. 06-3200 to incorporate the claims he had raised in his second action.[1] While his motion to amend was pending, Schneider filed his present complaint.

On March 7, 2008, the District Court granted the defendants' motion to dismiss Schneider's amended complaint in No. 06-3200. In that complaint, Schneider also complained about smoky emissions from the casinos, which he alleged negatively impacted his health. Schneider claimed that the defendants, which included federal, state,

---

[1]The District Court had previously allowed Schneider to amend his complaint in No. 06-3200 to assert federal claims after the defendants moved to dismiss his complaint for lack of subject matter jurisdiction.

3

and local environmental and health departments, violated his civil rights under 42 U.S.C. § 1983, conspired to interfere with his civil rights, and violated "Title VII, Age Discrimination, Title VIII, Older Americans Act, Title 33, Hazardous Substance Liability, Title V, Fiduciary Responsibilities, Liabilities & Penalties." Am. Compl. at para. 17. The District Court explained that this recitation of federal laws failed to give the defendants fair notice of his federal claims, and at best could be described as having an indistinct tie to the facts alleged in the amended complaint.[2]

The District Court also denied Schneider's motion to amend the complaint to add the claims raised in his second action, noting that when he was first afforded leave to amend his complaint to address the jurisdictional defect, he failed to cure the deficiency and state a federal claim. The District Court also found the futility of allowing Schneider to amend evidenced by the fact that his new pleading was difficult to decipher and insufficient to put the defendants on notice as to what laws they had allegedly violated. The District Court stated that it had informed Schneider that his complaint was unclear when he filed it as a separate action, but he failed to clarify the complaint in his motion to amend.

The District Court then dismissed Schneider's present complaint pursuant to

---

[2]The District Court also noted that the facts did not support an employment discrimination claim under Title VII or an equal protection claim, and that there was no private cause of action under the Older Americans Act. In addition, the District Court concluded that it lacked jurisdiction over federal tort claims asserted against the federal defendants, and declined to exercise jurisdiction over Schneider's state law claims.

4

§ 1915(e)(2)(B). The District Court explained that Schneider's present complaint was nearly identical to the complaint in No. 07-3887, which the District Court had held failed to state a claim when it denied Schneider's motion to amend. This appeal followed. Schneider argues in his brief that his present complaint is different from his complaint in No. 06-3200, and that it should be considered on its own merits.

This case is somewhat similar to Curtis v. Citibank, N.A., 226 F.3d 133 (2d Cir. 2000). The plaintiffs in Curtis had amended their complaint once, and moved to file a second amended complaint. The Magistrate Judge denied the motion to amend, and the plaintiffs appealed the ruling to the district court. While their appeal was pending, the plaintiffs filed their second amended complaint as a new action. The district court affirmed the denial of the motion to file a second amended complaint because it was untimely, and dismissed the new complaint because it was duplicative.

The court of appeals recognized the district court's power to administer its docket and dismiss a suit that is duplicative of another suit in federal court. Id. at 138 (citing Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976)). The court held, however, that the district court abused its discretion in dismissing the new complaint to the extent the plaintiffs sought to litigate events arising after the first amended complaint was filed. Id. at 140. The court explained that the denial of the motion to amend did not preclude litigation of such claims because the denial was not on the merits, and the doctrine of claim preclusion would not preclude litigation of events

5

arising after the filing of the first complaint. Id. at 139. The court further held that the district court did not abuse its discretion in dismissing those claims arising out of the same events as alleged in the first amended complaint. Id. at 140. The court explained that these claims would have been heard if the plaintiffs had timely raised them, and that the plaintiffs could not avoid the consequences of their delay by filing a new action. Id.

In this case, the District Court correctly stated that Schneider's present complaint is nearly identical to his proposed second amended complaint, and the District Court thus did not abuse its discretion in dismissing the claims that Schneider had raised in his proposed second amended complaint. Unlike in Curtis, the District Court decided those claims on the merits when it denied the motion to amend and found that Schneider had failed to state a claim upon which relief may be granted. Schneider may not avoid that ruling by filing a new action. To the extent Schneider disagreed with the District Court's ruling, his remedy was an appeal.

The District Court, however, abused its discretion in dismissing the present complaint to the extent that Schneider sought to litigate events arising after the motion to amend was filed. Schneider claimed in his present complaint that he was wrongfully evicted on December 14, 2007, in retaliation for filing his earlier federal action. Although Schneider alleged in his proposed second amended complaint that he had been threatened with eviction, he did not assert a retaliation claim. Nor does it appear that he could have – his motion to amend was filed on November 30, 2007, before the eviction

6

allegedly occurred.  Thus, the denial of the motion to amend does not preclude Schneider from pursuing this claim.  See Curtis, 226 F.3d at 139-40 (applying normal claim preclusion analysis where motion to amend is denied).  Because it is not clear that Schneider fails to state a retaliation claim, we will vacate the District Court's order to the extent it dismissed this claim and remand for further proceedings.

Accordingly, we shall affirm in part and vacate in part the District Court's order.