**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1443
_____

JOSEPH FABICS; PAUL DEAN;
MOSES WILLIAMS; UNITA PERI-OKONNY;
ELLEN HEINE; THOMAS COMBS;
THEODORO PAGAN; SUSAN MILLER;
PETER MARTENS; SOLIMAN A. YOUSSEF;
*NADEEM SHAHIDI; ANN R. SCHILDKNECHT;
WENDELL SELLERS; FRANK BRIGHT;
JOHN AND JANE DOE 1 TO 10;
ABC COMPANIES and/or ENTITIES 1

v.

CITY OF NEW BRUNSWICK AND
ITS AGENTS; TOWNSHIP OF NORTH BRUNSWICK
AND ITS AGENTS;
SOUTH BRUNSWICK AND ITS AGENTS;
HIGHLAND PARK AND ITS AGENTS;
MONTCLAIR AND ITS AGENTS;
CITY OF GARFIELD AND ITS AGENTS;
THE COMMISSIONER OF THE DEPARTMENT OF COMMUNITY AFFAIRS
AND ITS AGENTS; JOHN AND JANE DOE 1 to 10;
ABC COMPANIES AND/OR ENTITIES 1 to 10

> Joseph Fabics, Paul Dean, Moses
> Williams, Unita Peri-Okonny, Ellen
> Heine, Tom Combs, Theodoro Pagan,
> Susan Miller, Peter Martens, Soliman A.
> Youssef, Ann R. Schildknecht, Wendell
> Sellers, Frank Bright,
> Appellants

(*Nadeem Shahidi dismissed per Clerk Order of 4/13/15)

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 14-cv-02202)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2015

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 19, 2015)
_____

OPINION[*]
_____

PER CURIAM

The above-captioned Plaintiffs (now Appellants), appeal from an order of the

United States District Court for the District of New Jersey, which dismissed their

complaint as duplicative of another.  They also appeal from the District Court's order

denying their motion for reconsideration of the dismissal order.  We will affirm the

District Court's judgment.

The parties are familiar with the facts and procedural history of this case; thus, we

set out only those facts necessary for the understanding of our decision.  Certain of the

Plaintiffs in this action, proceeding pro se, had previously filed a complaint against many

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of the same defendants. That complaint was docketed at D.N.J. Civ. No. 13-cv-06025 ("the 6025 action"). The Plaintiffs filed a motion to amend the complaint, but did not attach a proposed amended complaint, as required by local rule. About a month later, without seeking leave to do so, Plaintiffs filed a proposed amended complaint (dkt. #13), which added a number of parties. Magistrate Judge Douglas E. Arpert denied the motion to amend the complaint without prejudice, and stated that the Court would disregard the proposed amended complaint, which had been filed without seeking leave of the Court.[1] The order also noted that "Plaintiffs may file another Motion to Amend in accordance with the Federal Rules of Civil Procedure Local Rules," but that "[o]therwise, going forward, the operative Complaint" would be the one initially filed.

Plaintiffs next filed the complaint at issue here, docketed at Civil Action No. 14-cv-02202. The complaint is nearly identical to docket #13 (the proposed amended complaint) in the 6025 action.[2] Concurrently, Plaintiffs filed in the 6025 action a motion to consolidate the two actions. Judge Joel A. Pisano denied the motion to consolidate, finding that it was an attempt to circumvent the Court's orders regarding amendment of the complaint. Judge Pisano also granted the Defendants' motion to dismiss the

---

[1] The Magistrate Judge also noted that the proposed amended complaint was materially different from what Plaintiffs had indicated in the motion to amend that they sought to file.

[2] There are some differences in the identity of the Plaintiffs, and the complaint here also attempts to add a claim based on the International Universal Declaration of Human Rights.

3

complaint in 6025 for failure to state a claim, but granted Plaintiffs thirty days in which to file an amended complaint. Plaintiffs filed a motion to amend the complaint and the case was reassigned to Judge Thompson. Judge Thompson denied the motion to amend in September 2015. Plaintiffs have appealed that decision.

Meanwhile, in the case at issue here, Defendants filed motions to dismiss the complaint as duplicative of the one in 6025. Judge Sheridan, agreeing that the complaint was duplicative, filed an order dismissing the complaint with prejudice "[f]or the reasons expressed in the Court's Order filed on November 13, 2014" in the 6025 action. Plaintiffs filed a timely motion for reconsideration and the Defendants filed briefs in opposition to the motion. After initially scheduling oral argument on the matter, Judge Sheridan cancelled the argument and denied the motion for reconsideration. The Plaintiffs timely appealed.[3]

"As part of its general power to administer its docket," a district court may dismiss a duplicative complaint. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (prohibiting a plaintiff from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant"). We review such a dismissal for abuse of discretion. Colorado, 424 U.S. at 817.

_____

[3] As noted in the caption, Nadeem Shahidi was dismissed from the appeal, as he did not sign a notice of appeal.

4

We note that <u>Walton</u> is not directly on all fours, as the complaint here, unlike that in <u>Walton</u>, added several defendants to the second complaint. But as we noted in <u>Walton</u>, "the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed. R. Civ. P. 15." <u>Id.</u> at 71. That is exactly what happened here. Plaintiffs' proposed amended complaint in 6025 was not considered by the District Court because it was filed without leave of court. Instead of following instructions to "file another Motion to Amend in accordance with the Federal Rules of Civil Procedure Local Rules," Plaintiffs disregarded the instruction and filed the complaint here.

In <u>Walton</u>, we noted that a court faced with a second, duplicative complaint could stay the second action, consolidate it with the first, or dismiss the second complaint without prejudice. <u>Walton</u>, 563 F.2d at 70. Here, the District Court dismissed the second complaint *with* prejudice, but we hold, nonetheless, that the District Court did not abuse its discretion in doing so. On the same day that Judge Sheridan dismissed the complaint here, Judge Pisano granted Plaintiffs thirty days in which to file an amended complaint in the 6025 action. Thus, to the extent that any of the new parties or new claims mentioned in this complaint properly could be brought in one complaint under the Federal Rules of Civil Procedure, Plaintiffs had the opportunity to propose such changes through a motion to amend the complaint in the 6025 action. We thus hold that the District Court did not abuse its discretion by dismissing the complaint here with prejudice.

5

We further hold that the District Court did not abuse its discretion in denying the motion for reconsideration.[4] The Plaintiffs' motion was not based on an intervening change in the law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (setting forth requirements for successful motion for reconsideration).[5]

For the foregoing reasons, we will affirm the District Court's judgment.[6]

---

[4] We review a district court's denial of a motion for reconsideration for abuse of discretion. Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

[5] Appellants argue that the District Court's order denying reconsideration is in error because the Court decided the issue after cancelling oral argument. We find no error, as a district court has broad discretion to decide a motion with or without oral argument. See Fed. R. Civ. P. 78(b).

[6] Although it appears that the District Court also could have dismissed the complaint for a variety of other reasons, including failure to state a claim upon which relief may be granted, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), or because parties and claims were improperly joined pursuant to Fed. R. Civ. P. 20, we need not address those issues given our holding that the District Court properly dismissed the complaint as duplicative.