**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3345
_____

*ESTATE OF JOSEPH FABICS; PAUL DEAN; **MOSES WILLIAMS;
UNITA PERY-OKONNY; ELLEN HEINE; ROBERT T. DOW;
TOM COMBS; THEODORO PAGAN; SUSAN MILLER;
PETER MARTENS; JOHN AND JANE DOE 1 TO 10;
ABC COMPANIES AND/OR ENTITIES 1 TO 10

v.

CITY OF NEW BRUNSWICK AND ITS AGENTS;
TOWNSHIP OF NORTH BRUNSWICK AND ITS AGENTS;
CITY OF GARFIELD AND ITS AGENTS;
THE COMMISSIONER OF THE DEPARTMENT OF COMMUNITY AFFAIRS;
JOHN AND JANE DOE 1 TO 10;
ABC COMPANIES AND/OR ENTITIES 1 TO 10

Paul Dean; Unita Peri-Okonny;
Ellen Heine; Robert T. Dow; Tom Combs;
Theodoro Pagan; Susan Miller; Peter Martens,
Appellants

*  Amended pursuant to Court Order dated April 12, 2016
** Amended pursuant to Clerk Order dated May 13, 2016

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-13-cv-06025)
District Judge:  Honorable Anne E. Thompson
_____

(Opinion filed: December 20, 2016)
_____

OPINION[*]
_____

PER CURIAM


      Appellants, various homeowners in New Brunswick and Garfield, New Jersey,
appeal pro se from the District Court's order denying leave to amend their complaint filed
under 42 U.S.C. § 1983. We will affirm.

      On October 2, 2013, Appellants filed a pro se twelve-count complaint against the
City of New Brunswick and its agents ("New Brunswick"), the Township of North
Brunswick and its agents ("North Brunswick"), the City of Garfield and its agents
("Garfield"), and the Commissioner of the Department of Community Affairs (the
"Commissioner"). Appellants claimed violation of their First, Fourth, Fifth, Eighth, and
Fourteenth Amendment rights arising from allegedly unconstitutional inspections of their

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

property, in addition to the enforcement of certain municipal health and safety codes and municipal rent control laws.[1]

Appellants subsequently filed a motion to amend the complaint, but did not attach a proposed amended complaint as required by local rule. About a month later, without seeking leave to do so, Appellants filed a proposed amended complaint that added a number of parties. The District Court denied the motion to amend the complaint without prejudice, and stated that it would disregard the proposed amended complaint, which had been filed without the Court's permission. The order also noted that "Plaintiffs may file another Motion to Amend in accordance with the Federal Rules of Civil Procedure Local Rules," but that "[o]therwise, going forward, the operative Complaint" would be the one initially filed.

Rather than filing a conforming motion to amend, Appellants filed a separate complaint at 14-2202 (the "2014 Action"),[2] and then requested the Court to consolidate the 2014 Action with this action. Defendants Garfield and New Brunswick then separately filed motions to dismiss this action under Rule 12(b)(6). In a November 13, 2014, letter order, the District Court denied Appellants' motion to consolidate, finding the complaint filed in the 2014 Action to be "nearly identical to the Amended Complaint that this Court advised the parties that it would disregard." The Court also granted

---

[1] The Appellants style the action in their brief as a "§ 1983 claim [seeking] to review the inspection process in the State of New Jersey as it relates to municipalities . . ."

[2] The District Court dismissed the 2014 Action with prejudice as duplicative of this action, and we found that "[it] did not abuse its discretion in doing so." Fabics v. City of New Brunswick, 629 F. App'x 196, 199 (3d Cir. 2015).

Garfield and New Brunswick's motions to dismiss, but without prejudice to Appellants'

filing an amended complaint "in accordance with Federal Rules" within thirty days.

Appellants moved for reconsideration of this order on November 24, 2014, and then on

December 15, 2014, filed a motion to amend their complaint, attaching a proposed

amended complaint.

On September 3, 2015, the District Court denied Appellants' motion for

reconsideration, and also denied their motion to amend, finding that "because the

proposed amended complaint fails to provide [a] sufficient factual basis for claims under

§ 1983 against the individual municipalities, amendment would be futile."  The Court

directed the clerk to close the case, and this timely appeal ensued.

We must first determine whether the District Court's September 3, 2015, order is a

final order under 28 U.S.C. § 1291.[3]  In Borelli v. City of Reading, 532 F.2d 950 (3d Cir.

1976), the district court had dismissed plaintiff's complaint without prejudice, and rather

than seeking to amend, plaintiff filed a notice of appeal.  We dismissed the appeal and

observed that "[g]enerally, an order which dismisses a complaint without prejudice is

neither final nor appealable because the deficiency may be corrected by the plaintiff

without affecting the cause of action.  Only if the plaintiff cannot amend or declares his

intention to stand on his complaint does the order become final and appealable."  Id. at

951-52.  Our decision rested, at least in part, on "an implicit invitation to amplify the

---

[3] We requested briefing on this question, and both Appellants and Appellees filed briefs arguing that the District Court's order is final and appealable.

complaint [] found in the phrase 'without prejudice,'" and we also noted that "it may be

difficult to determine whether the district court thought an amendment was possible and

whether the plaintiff is willing or able to amend." Id. at 951 n.1.

In this case, the District Court did not invite further amendment of the complaint,[4]

and it quite clearly believed that amendment was futile. Moreover, we have little

difficulty concluding that Appellants are both unwilling and unable to amend their

complaint. The District Court provided Appellants several opportunities to amend their

complaint to conform with the Federal Rules of Civil Procedure, but instead of amending

their complaint in any meaningful way to address the deficiencies, Appellants repeatedly

filed substantially similar versions of the original, deficient complaint.[5] Thus, unlike

Borelli, it appears that we are "confronted with a situation where it is not possible to

amend the complaint in any relevant respect," id. at 952, and for this reason we will

accept jurisdiction and decide this appeal on its merits. See also Fay v. Quinlan, 940 F.2d

1534 (9th Cir. 1991) (exercising jurisdiction over district court's dismissal of complaint

without prejudice where "pro se litigant . . . responded twice to the court's orders to

amend his complaint[,] [and] it does not appear that an amendment could cure the major

defect").

---

[4] The Court's order provided: "Plaintiffs' Motion to Amend is DENIED. Accordingly, this case is closed."

[5] Appellants' position before this court – that the District Court's order is final and appealable – also supports the conclusion that they intend to stand on their deficient complaint.

5

We review the District Court's dismissal under Rule 12(b)(6) using the same test that the District Court should have applied and ask whether it has "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face." Fantone v. Latini, 780 F.3d 184, 186, 193 (3d Cir. 2015) (citing Ashcroft v. Iqbal; 556 U.S. 662, 678 (2009)). We review the District Court's denial of leave to amend on the basis of futility for abuse of discretion. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010). We also review the Court's denial of a motion for reconsideration for abuse of discretion, but review underlying legal determinations de novo and factual determinations for clear error. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

Upon review of the record, and holding Appellants' original and proposed amended complaints to less stringent standards in light of their pro se status, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we find that the District Court properly dismissed the original complaint under Rule 12(b)(6),[6] and did not abuse its discretion in denying Appellants leave to amend it, because both complaints fail to state a claim upon which relief can be granted.[7] See Great W. Mining & Mineral Co., 615 F.3d at 175 ("[T]here is [no abuse of discretion] where pleading deficiencies would not have been remedied by

---

[6] The District Court also found that the complaint did not meet Rule 8's pleading requirements. Because we find that it failed to state a claim under Rule 12(b)(6), we need not address whether it was sufficiently pled under Rule 8.

[7] The proposed amended complaint contains slightly more elaborate factual allegations than the original, but both fail for the same reason – they do not identify any official municipal policy or custom, or ascertainable conduct of the Commissioner, to which their alleged harms might plausibly be traced.

proposed amendments."). Where, as here, "a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). And to state a viable claim in this context, Appellants must not only identify a municipal custom or policy that caused their injury, but also "specify what exactly that custom or policy was." McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009).

As Appellants acknowledge in their brief, "[t]his case is based on a 4[2] U.S.C. § 1983 claim and it seeks to review the inspection process in the State of New Jersey as it relates to the municipalities."[8] Though their complaints cite unspecified "common practices by the State of New Jersey and municipalities," neither identifies any *particular* official municipal custom or policy to which their alleged harms might plausibly be traced. The complaints are similarly defective as to the Commissioner because neither identifies any particular instances of conduct to which the alleged constitutional harms might be traced.[9] See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A

---

[8] The complaint also names unspecified agents of the various municipalities, but these agents are sued only in their official capacities. And "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

[9] The complaints contain no particular allegations against the Commissioner, and reference him only in the "wherefore" clauses of several counts, indicating that he directs standards and enforcement of ordinances. But respondeat superior is not available in § 1983 actions. Iqbal, 556 U.S. at 676 (2009).

defendant in a civil rights action must have personal involvement in the alleged wrongs.").

As the District Court accurately observed, Appellants' complaints "generally proceed[] by explaining a municipal ordinance and how it is wrong," often describing what appears to be hypothetical misconduct by state agents in enforcing these ordinances.[10]  But, in failing to trace the alleged constitutional violations to an official custom or policy of the municipality, or ascertainable conduct of the Commissioner, Appellants fail to state a claim against these defendants under Rule 12(b)(6).  See, e.g., McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009) ("Because McGovern's complaint fails to allege that the City's employees acted pursuant to an official policy or custom, the District Court properly dismissed his claim.").

In their motion for reconsideration, Appellants sought reconsideration of the Court's November 13, 2014 letter order, contending that it (1) improperly dismissed Garfield as a defendant because its motion to dismiss had been administratively terminated, (2) improperly dismissed the Commissioner because he had not yet answered or moved to dismiss the complaint, and (3) improperly administratively terminated the 2014 action as duplicative of this action.  Because we find that the District Court properly dismissed the original complaint in its entirety based on its non-compliance with Rule 12(b)(6), dismissal of the entire action was warranted regardless of who had answered or

---

[10] For example, Appellants allege that "[i]nspectors . . . force their way into a home to perform an inspection, without a search warrant or consent of the terrified homeowner," but fail to identify any actual instances of this conduct.

moved to dismiss the complaint.[11]  And we have already determined that the District Court acted within its discretion in dismissing the 2014 Action as duplicative of this action. See Fabics v. City of New Brunswick, 629 F. App'x 196, 198-99 (3d Cir. 2015) ("[A] court faced with a second, duplicative complaint could stay the second action, consolidate it with the first, or dismiss the second complaint without prejudice.  Here, the District Court dismissed the second complaint with prejudice, but we hold, nonetheless, that the District Court did not abuse its discretion in doing so.") (internal citations omitted).  Accordingly, we will affirm the order of the District Court denying reconsideration and leave to amend.

---

[11] "[A] court may sua sponte raise the issue of the deficiency of a pleading under Rule 12(b)(6) provided that the litigant has the opportunity to address the issue either orally or in writing." Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990).