# United States Court of Appeals for the Federal Circuit

———————————

**ARENDI S.A.R.L.,**
*Plaintiff-Appellant*

**v.**

**LG ELECTRONICS INC., LG ELECTRONICS USA, INC.,**
*Defendants-Appellees*

———————————

2021-1967

———————————

Appeal from the United States District Court for the District of Delaware in No. 1:20-cv-01483-LPS, Judge Leonard P. Stark.

———————————

Decided: September 7, 2022

———————————

KEMPER DIEHL, Susman Godfrey LLP, Seattle, WA, argued for plaintiff-appellant. Also represented by SETH ARD, MAX ISAAC STRAUS, New York, NY; JOHN PIERRE LAHAD, Houston, TX; KALPANA SRINIVASAN, Los Angeles, CA.

ROBERT ANDREW SCHWENTKER, Fish & Richardson P.C., Washington, DC, argued for defendants-appellees. Also represented by STEVEN KATZ, Boston, MA.

———————————

Before PROST, CHEN, and STOLL, *Circuit Judges.*

PROST, *Circuit Judge.*

Arendi S.A.R.L. ("Arendi") alleged that various LG Electronics Inc. and LG Electronics USA, Inc. (collectively "LG") products infringed its U.S. Patent No. 7,917,843 ("the '843 patent"). First Am. Compl., *Arendi S.A.R.L. v. LG Elecs. Inc.* ("*Arendi I*"), No. 1:12-cv-01595 (D. Del. Oct. 3, 2013), ECF No. 34; *see also* J.A. 144–57 (original complaint). After the district court struck part of Arendi's infringement expert report as beyond the scope of Arendi's infringement contentions, Arendi filed a second patent-infringement suit against LG in the same court, again asserting the '843 patent. Compl. for Patent Infringement, *Arendi S.A.R.L. v. LG Elecs. Inc.* ("*Arendi II*"), No. 1:20-cv-01483 (D. Del. Nov. 3, 2020), ECF No. 1; J.A. 1583–91. The district court granted LG's motion to dismiss the *Arendi II* complaint under the duplicative-litigation doctrine, determining that in both cases the same products were accused of infringing the same patent. Arendi appeals from the dismissal. We affirm.

## BACKGROUND

In *Arendi I*, Arendi sued LG (among others) in the U.S. District Court for the District of Delaware for infringing various Arendi patents. The District of Delaware, Arendi's chosen forum, has specific rules governing initial discovery in patent cases. Section 4(a) of those rules required Arendi to "specifically identify the accused products and the asserted patent(s) they allegedly infringe." D. Del. Default Standard for Discovery § 4(a) (cleaned up). Then, under Section 4(c), Arendi had to "produce . . . an initial claim chart relating *each* accused product to the asserted claims *each* product allegedly infringes" after LG provided initial discovery on those products. *Id.* § 4(c) (emphasis added); *see id.* § 4(b). As explicitly outlined in the same local rules, "these disclosures are 'initial,' [and] each party shall be permitted to supplement." *Id.* § 4 n.3.

Arendi filed its Section 4(a) Disclosure in November 2018 and listed hundreds of LG products as infringing four claims of the '843 patent.  J.A. 1121–37 (Section 4(a) Disclosure).  Despite this lengthy 4(a) Disclosure and Section 4(c)'s instruction that Arendi "relat[e] each accused product to the asserted claims," Arendi's Section 4(c) Disclosure provided claim charts for only one of those products—LG's Rebel 4 phone.  These charts labeled the Rebel 4 as "exemplary."  J.A. 1167–262 (Section 4(c) Disclosure).

In April 2019, two months after Arendi filed its Section 4(c) Disclosure, LG sent a letter to Arendi stating that the singular-product claim charts for the '843 patent were insufficient under Section 4(c) and thus "LG underst[ood] Arendi's infringement contentions [for the '843 patent] to be limited to" the Rebel 4.  J.A. 1469.  LG remarked that, "[s]hould Arendi intend to accuse [non-Rebel 4] products, then Arendi must promptly provide claim charts demonstrating how these products infringe[] or explain why Arendi contends the current claim charts are representative of specific non-charted products."  J.A. 1469.  Arendi did not respond to this letter or move to supplement its Section 4(c) Disclosure.

As the litigation proceeded, Arendi and LG agreed on eight representative products to represent all accused products.  Seven of the eight were non-Rebel 4 products.  LG provided additional discovery on all eight representative products, and Arendi still did not move to supplement its Section 4(c) Disclosure.  So in October 2019, in response to an interrogatory relating to those eight products, LG reiterated its "position that Arendi has only provided infringement contentions for [the Rebel 4]. . . .  Arendi bears the burden to prove infringement and, if it so desires, to try to prove that" the Rebel 4 "is representative of one or more" of the non-Rebel 4 products.  J.A. 1476.  Without such a showing, LG continued, "Arendi has not provided sufficiently detailed contentions to know . . . its allegations of

infringement" for the '843 patent.  J.A. 1476–77.  Still, Arendi did not move to supplement its Section 4(c) Disclosure.

Arendi provided its expert report in August 2020 after the close of fact discovery in December 2019.  LG moved to strike portions of that report because it allegedly "disclosed—for the first time—infringement contentions for five of" the seven non-Rebel 4 representative products. J.A. 191 (emphasis omitted); *see Arendi I*, ECF No. 201. The district court orally granted that motion in October 2020 under applicable Third Circuit law.  The court determined that Arendi did not timely disclose these infringement contentions having "failed to fulfill its discovery obligations."  J.A. 1576–77 (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977)).  In the court's analysis, it repeated LG's assertion that "LG understood Arendi was accusing only the Rebel 4" of infringing the asserted '843 patent claims, J.A. 1577, since Arendi repeatedly failed to update its infringement contentions in the face of LG's April 2019 letter and October 2019 interrogatory response.  Arendi still took no action to supplement its Section 4(c) Disclosure.

Instead, Arendi filed its *Arendi II* complaint in November 2020 in the District of Delaware.  This complaint also asserted that LG's non-Rebel 4 products infringed the '843 patent.  LG moved to dismiss the complaint as duplicative since all of the non-Rebel 4 products accused in *Arendi II* were also accused in *Arendi I*.  The district court granted that motion without prejudice via an oral order in April 2021, J.A. 3, 50–64, and Arendi appealed on May 18, 2021.

That same day, Arendi finally moved to supplement its Section 4(c) Disclosure in *Arendi I*.  In March 2022, the district court denied that motion and a pending LG motion for summary judgment of noninfringement of the non-Rebel 4 products without prejudice "[i]n view of the potential impact of [this] pending appeal."  *Arendi I*, ECF No. 354.  The

court also noted that the motions were subject to renewal after a decision in this appeal. *Id.*

We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### I

For a "procedural question that is not unique to [our] exclusive jurisdiction," this court applies and gives "deference for regional circuit law on a concern for 'consistency of future trial management.'" *Eolas Techs., Inc. v. Microsoft Corp.*, 457 F.3d 1279, 1282 (Fed. Cir. 2006) (quoting *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 857–58 (Fed. Cir. 1991)). Under the circumstances of this case, the question of dismissing the *Arendi II* complaint as duplicative of the *Arendi I* complaint involves a procedural issue: a district court's power to dismiss a case as duplicative is "part of [a district court's] general power to administer its docket," *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (nonprecedential), that supports "wise judicial administration," *Serline v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993), and "conservation of resources," *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). We, therefore, apply the Third Circuit's standard of reviewing dismissals of duplicative complaints for abuse of discretion. *See Jenn-Ching Luo v. Owen J. Roberts Sch. Dist.*, 737 F. App'x 111, 115 n.4 (3d Cir. 2018) (nonprecedential); *Fabics*, 629 F. App'x at 198; *Schneider v. United States*, 301 F. App'x 187, 190 (3d Cir. 2008) (nonprecedential). A district court abuses its discretion when it reaches an errant conclusion of law, improperly applies law to fact, or makes a clearly erroneous finding of fact. *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018).

The duplicative-litigation doctrine prevents plaintiffs from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court . . . against the same defendant." *Walton v. Eaton Corp.*,

563 F.2d 66, 70 (3d Cir. 1977) (en banc). Whether the *Arendi I* and *Arendi II* patent-infringement complaints involve the same subject matter is determined under Federal Circuit law. *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014).[1] "[A] cause of action is defined by the transactional facts from which it arises[] and the extent of the factual overlap." *Id.* at 1349. There are two primary "areas of factual overlap" to consider in this analysis: (1) "the overlap of the product[s] . . . accused in the instant action with the product[s] . . . accused in the prior action"; and (2) the overlap of the patents in both suits. *Id.*

---

[1]    *Senju Pharmaceutical* involved an issue of claim preclusion—also known as res judicata—a doctrine that precludes later "repetitious suits involving the same cause of action" after a prior suit has reached a final judgment. *Senju Pharm.*, 746 F.3d at 1348 (quoting *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948)). The duplicative-litigation doctrine does not require a final judgment to bar a later complaint, but it does involve a similar inquiry in that it also looks to whether the later complaint is, essentially, repetitious. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("To determine whether a suit is duplicative, we borrow from the test for claim preclusion."); *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002) ("[I]n the [duplicative-litigation] context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion.").

Given the particular facts of this case, though, we also recognize an argument can be made that whether the *Arendi II* complaint is duplicative of the *Arendi I* complaint concerns an understanding of the case's procedural history and the application of local rules rather than an issue peculiar to patent law. But we need not explore this further because the result would be the same either way.

(emphasis omitted). The only issue in this appeal is whether the district court properly applied that law to the facts of this case.

II

The district court determined that *Arendi II* was "improperly duplicative of *Arendi I*." J.A. 50–51 (italics added) (citing *Walton*, 563 F.2d at 70). As the district court explained, under applicable Federal Circuit law, cases involve the same subject matter "where the same patent is asserted and the accused products are at least essentially the same or identical." J.A. 51–52 (citing *Senju Pharm.*, 746 F.3d at 1348). The district court reasoned that, since "[i]t's undisputed that . . . the same products . . . are alleged to infringe the same patent" in both cases, "here, we're in the identical[-product] situation." J.A. 51–52.

Arendi challenges the district court's determination that *Arendi I* and *Arendi II* involve the same subject matter. Arendi does not contest that it asserts the same patent in *Arendi I* and *Arendi II*, nor could it. Arendi does, however, dispute that the products it accused in *Arendi II* are "identical" to products it accused in *Arendi I*.

Arendi tries to argue that the products accused in *Arendi I* and *Arendi II* are not identical because there is no overlap between the accused products. Arendi asserts that this lack of overlap is a consequence of the district court's grant of LG's motion to strike parts of Arendi's expert report in *Arendi I*. According to Arendi, the district court determined that Arendi had not sufficiently disclosed its intent to accuse the non-Rebel 4 products in *Arendi I* such that those products were effectively not at issue. *See* Oral Arg. at 2:13–3:40 (citing J.A. 1576–77).[2] And under this logic, Arendi maintains, there is no accused-product

---

2    No. 21-1967, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1967_08012022.mp3.

overlap: the non-Rebel 4 products accused in *Arendi II* cannot be identical to products accused in *Arendi I* because *Arendi I* involves only LG's Rebel 4 phone. *See* Appellant's Br. 21–22, 27.

But Arendi misunderstands (if not misrepresents) the district court's *Arendi I* order. As the district court explained when dismissing the *Arendi II* complaint, although Arendi insists the district court "ruled" that the non-Rebel 4 products "had not been accused in *Arendi I*," "[t]hat is not correct." J.A. 54 (italics added). The court did not grant LG's motion to strike parts of Arendi's infringement expert report because Arendi failed to sufficiently accuse the non-Rebel 4 products. The court granted the motion to strike because Arendi "failed to fulfill its discovery obligations" with respect to those products, so Arendi's infringement allegations in its expert report were procedurally untimely. J.A. 1576–77.

And it's hard to find any basis whatsoever for Arendi's assertion that the non-Rebel 4 products were never "at issue" or "litigated" in *Arendi I*. Appellant's Br. 22, 25. Arendi listed the non-Rebel 4 products in its Section 4(a) Disclosure, served interrogatories about the non-Rebel 4 products after the parties agreed to seven non-Rebel 4 representative products, received discovery related to those products, and included non-Rebel 4 products in its expert report. *See* Oral Arg. 7:02–50 (Arendi admitting that it considered all products to be at issue when it served its expert report). Indeed, those non-Rebel 4 products are the focus of Arendi and LG's renewable motions in *Arendi I*. Under these circumstances, it is apparent that the non-Rebel 4 products were "at issue" or "litigated" in *Arendi I*.

So what's left? It is Arendi's argument that the non-Rebel 4 products are "materially different" than the Rebel 4. Appellant's Br. 21–22. But again, this argument fails because it does not pertain to the question at issue in this appeal: comparing the Rebel 4 with non-Rebel 4

products says nothing about the overlap between the non-Rebel 4 products accused in *Arendi I* and the non-Rebel 4 products accused in *Arendi II*. And it is this latter comparison that governs whether the *Arendi II* complaint is duplicative.[3] *Senju Pharm.*, 746 F.3d at 1349.

Left with the simple and obvious fact that the non-Rebel 4 products accused in *Arendi II* are identical to products accused in *Arendi I*, we determine that the district court did not err in dismissing the *Arendi II* complaint as improperly duplicative.

## CONCLUSION

We have considered Arendi's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm the district court's dismissal of the complaint.

**AFFIRMED**

---

[3]   At oral argument, Arendi requested that this court at least opine on the former comparison to "give guidance to the district court" in *Arendi I*. Oral Arg. at 31:58–32:55. We consider this request unusual, to say the least, and unsurprisingly decline to comment on issues outside of this appeal.